Filed 6/27/25  P. v. McCloud CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>THOMAS LEON McCLOUD,<br><br>Defendant and Appellant. | C102134<br><br>(Super. Ct. No. CRF210000687) |

Defendant Thomas Leon McCloud appeals from the trial court's denial of his resentencing request pursuant to Penal Code section 1172.6.[1]  His appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436.  Defendant has filed a supplemental brief arguing the trial court erred in denying his resentencing request because he was not appointed

---

[1]     Undesignated statutory references are to the Penal Code.

1

counsel. We conclude the trial court erred by failing to appoint counsel, but the error was harmless. We thus affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2020, defendant approached the victim along a roadway. Defendant screamed derogatory words at the victim, demanded to know her name, and threatened to kill her. Defendant then pushed the victim with both hands causing her to fall into the road and in the way of traffic. An approaching bus nearly hit the victim as she lay in the road. The victim stood up and ran away. Defendant followed the victim and told her that he was going to kill her.

The People filed a complaint, later deemed an information, in January 2021 charging defendant with attempted murder (§§ 187, 664 – count 1) and making criminal threats (§ 422 – count 2). The information further alleged defendant suffered two prior serious felony convictions (§§ 667, subd. (a), 1170.12).

Defendant pled guilty to count 1 and admitted one of the prior serious felony convictions, and in exchange the court sentenced defendant to 21 years and 8 months in prison, dismissed the remaining count in the information and dismissed two other unrelated cases, which are not subject to this appeal.

On September 3, 2024, defendant filed and served a form petition for resentencing containing all information required by section 1172.6, subdivision (b). Three days later, the trial court filed a written order summarily denying defendant's resentencing petition. The order states: "On October 19, 2020, [defendant] attempted to murder [the victim]. On February 22, 2023, [defendant] entered a plea to attempting to murder [the victim] as well as certain enhancements and other crimes. He was sentenced according to the terms of his negotiated plea agreement to 21-year and 8-months in the California Department of Corrections and Rehabilitation. [¶] On September 3, 2024, [defendant] filed this [p]etition for [r]esentencing. The [p]etition is without merit. [¶] The elimination of the natural and probable consequences theory of murder, or as here attempted murder, under

2

[SB 1437], which created Penal Code section 1170.95, now Penal Code section 1172.6, became effective January 1, 2019. [Defendant] attempted to kill [the victim] after the effective date of the change in the law and pled to same after the effective date of the change in the law. It is presumed that the prosecution and the sentence were consistent with the law as it now exists. [¶] The petition is SUMMARILY DENIED."

Defendant filed a timely appeal.

DISCUSSION

Defendant claims the trial court summarily denied his section 1172.6 resentencing petition in error because he was not appointed counsel. We conclude the trial court erred by failing to appoint counsel but the error was harmless.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1172.6.

In its current form, section 1172.6, subdivision (a), applies to those convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime or a person convicted of attempted murder based on the natural and probable consequences doctrine. To be eligible for relief, the petitioner must make a prima facie showing that he could not presently be convicted of murder or attempted murder under changes to these theories of murder liability made effective on January 1, 2019, by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).)

Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder. Senate Bill No. 1437 also "amended the natural and

3

probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3), added by Stats. 2018, ch. 1015, § 2.)" (*People v. Harden* (2022) 81 Cal.App.5th 45, 51.) This language eliminated the use of the natural and probable consequences doctrine in murder prosecutions but left "personally possessing malice aforethought a necessary element of murder." (*People v. Gentile* (2020) 10 Cal.5th 830, 846; see also Senate Bill No. 775 (2021-2022 Reg. Sess.) as amended May 20, 2021, p. 5; Sen. Floor 3d Reading Analysis [stating the legislative intent and the purpose behind Senate Bill 775 was to "[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories"].)

Regardless of whether a petitioner makes a prima facie showing, "if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (§ 1172.6, subd. (b)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 963.) Here, defendant filed a facially compliant form petition. The trial court was thus required to appoint counsel for defendant and its failure to do so was error. But for us to reverse the trial court's order, defendant must show it is reasonably probable that if he had been afforded assistance of counsel his petition would not have been summarily denied without an evidentiary hearing. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 974.) Defendant cannot make this showing.

A trial court may deny a petition for relief under section 1172.6 at the prima facie stage where the record of conviction establishes that the petitioner is ineligible for relief. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) Here, the trial court correctly found defendant was not entitled to relief under section 1172.6 because Senate Bill No. 1437 had already eliminated the at-issue imputed malice theories when he entered into his plea agreement. As a matter of law, then, defendant cannot meet the criteria in section 1172.6,

subdivision (a)(3) because the prosecution did not proceed on a theory of felony murder and was not allowed to proceed under the natural and probable consequences doctrine because of changes to sections 188 and 189 made effective on January 1, 2019. (*People v. Lezama* (2024) 101 Cal.App.5th 583, 585-586.) Because defendant entered into his plea agreement in September 2024, he already benefitted from the protections of section 1172.6 and is not eligible for resentencing now. In summary, our review of the record does not show an arguable issue.

DISPOSITION

The trial court's order denying defendant's petition for resentencing under section 1172.6 is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
FEINBERG, J.

5